Vance v. Erie Railway Co.

JOHN VANCE v. THE ERIE RAILWAY COMPANY.

An action for malicious prosecution may be maintained against a corporation aggregate.

On demurrer to the declaration. Argued at June Term, 1867, before the CHIEF JUSTICE, and Justices VREDENBURGH, WOODHULL, and DEPUE.

For defendants, *I. W. Scudder*.

For plaintiff, *J. Fleming*.

The opinion of the court was delivered by

DEPUE, J. This action is an action of trespass on the case for malicious prosecution. To the plaintiff's declaration, the defendants have filed a general demurrer, and upon the argument various grounds of demurrer were urged, all of which have been disposed of in the opinion delivered at the present term, in *Brokaw* v. *The New Jersey R. Co.*,* except the specific objection, that an action for malicious prosecution cannot be maintained against a corporation. It is argued by counsel, that a corporation, being an ideal entity, is incapable of entertaining malice, which is an intent of the mind, and is an essential ingredient of an action for malicious prosecution.

*Ante p. 328.

We have seen, by the cases cited in *Brokaw* v. *The New Jersey Railroad and Transportation Co.*, that a corporation is liable for false and fraudulent representations, for maliciously obstructing a party in his business, for maintaining a vexatious suit, and for a malicious libel, in each of which actions an intent of the mind is quite as much involved as in an action for malicious prosecution.

In *Stevens* v. *Midland County Railway Co.*, 10 *Exch.* 352, the question whether an action for malicious prosecution would lie against a corporation, was mooted in the Court of Exchequer, and Alderson, B., expressed an opinion, that it would not lie, assigning as a reason, that in order to support the action, it must be shown that the defendant was actuated by a motive of the mind, and that a corporation has no mind. Platt, B., was of opinion that there was no evidence that the corporation had authorized the prosecution; and upon the point whether the action would lie, said : " But I do not say that a case might not arise, in which a motive might be assigned, upon which the action could be maintained." Martin, B., the only other judge who sat on the cause, concurred with Platt, B., as to the insufficiency of the evidence, and declined to give any opinion on the question, whether the action could be maintained.

In *Whitfield* v. *S. E. Railway Co.*, *E., B. & E.* 113, which was an action against a corporation for a malicious libel, the declaration was demurred to for the same reason that has been assigned here, and the opinion of Alderson, B., was cited by counsel, in support of the demurrer. The demurrer was overruled, and Lord Campbell, in delivering the opinion of the court, said : " But, considering that an action of tort or of trespass will lie against a corporation aggregate, and that an indictment may be preferred against a corporation aggregate, both for commission and omission, to be followed up by fine, although not by imprisonment, there may be great difficulty in saying that, under certain circumstances, express malice may not be imputed to, and proved against, a corporation."

·In *Green* v. *The London Omnibus Co.*, 7 *C. B.* (*N. S.*) 290, which was an action for wrongfully, vexatiously, and maliciously obstructing and annoying the plaintiff in his trade, on demurrer to the declaration, it was argued that the action could not be maintained, on the same ground. that malice was the. *gist* of the action, and that a corporation cannot, as such, be actuated by malice. The declaration was sustained, and Erle, C. J., in delivering the opinion of the court, disposed of the argument of the counsel with the remark, that the doctrine relied on—that a corporation, having no soul, cannot be actuated by malice—is more quaint than substantial.

The same argument was addressed to the Supreme Court of the United States, in *Philadelphia, W. & B. R. Co.* v. *Quigley*, 21 *How.* 202, which was an action against a corporation for a libel, and was by that court repudiated, as a reason for exempting a corporation from liability for a libellous publication.

If actions for malicious libel—for vexatious suits, for vexatiously and maliciously obstructing another in his business, for wilful trespasses, and for assault and battery, in each of which the motives and intent of the mind are directly involved—can be maintained against a corporation aggregate, no reasons, founded on principle, can be suggested why an action for malicious prosecution should not also be sustainable against a corporation.

The reasons assigned by Erle, C. J., in *Green* v. *London Omnibus Co.*, for holding a corporation answerable for a vexatious and malicious interference with the business of another, the extreme mischief and inconvenience which would follow from holding companies incorporated for the purpose of carrying on trade exempt from liability for intentional acts of wrong, and driving those they have injured to seek a doubtful remedy against their officers or servants, who may be wholly unable to answer the compensation which the jury may award, apply with equal force to actions for malicious prosecution.

When the nature of the action is considered, it comes strictly within the principles by which the actions above enumerated are maintainable. It must appear that the prosecution was instituted maliciously, and without probable cause. In a legal sense, any act done wilfully, to the injury of another, which is unlawful, is, as against that person, malicious, and it is not necessary that the perpetrator of such act should be influenced by ill will towards the individual, or that he entertain and pursue any bad purpose or design. *Carr* v. *Snelling*, 15 *Pick.* 337; 2 *Greenl. Ev.*, § 453. The proof of malice need not be direct. It may be inferred by the jury, from the want of probable cause. 2 *Greenl. Ev.*, § 453, per Lord Campbell, in *Whitfield* v. *S. E. Railway Co.*, and involves nothing more than a wrongful act intentionally done.

To hold a corporation amenable to this particular action, is strictly in accordance with well settled legal principles. The wrong for which the action is the appropriate remedy, is susceptible of being committed by a corporation, by means of its agents and servants. No technical difficulties are in the way of the institution of the suit, and, at the trial, the cause can be conducted upon the established rules of evidence. To afford redress against a corporation for other intentional wrongs done by them, and deny it in this case, is an anomaly which can only be justified because of the interposition of insurmountable obstacles. No such obstacles stand in the way of the prosecution or maintenance of the action.

Under what circumstances a corporation is liable for the tortious acts of its servants or agents, even when done in obedience to the orders of its directors or officers, has been considered, in the case of *Brokaw* v. *The New Jersey Railroad and Transportation Co., supra*. Whether, in this case, the servants or agents of the defendants, in making the arrest complained of, were acting by the authority of the corporation, is a question to be determined at the trial, in accordance with the rules stated in that case.

Demurrer overruled.

CITED in *Dock* v. *Elizabethtown Steam Manufacturing Co.*, 5 *Vroom* 316.